## Appeal of CONSOLIDATED DRY GOODS CO.

Docket No. 2304.    Submitted May 27, 1925.    Decided October 5, 1925.

*Held:* (1) That the existence of good will was not proven;
(2) That no ground for relief under sections 327 and 328 was proven; and
(3) That final determination of tax will not be delayed because invested capital may be affected by the as yet undetermined tax for a previous year.

*C. Oliver Wellington, C. P. A.,* for the taxpayer.
*A. H. Fast, Esq.,* for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

The Commissioner has determined a deficiency in income and profits taxes for the year 1920 in the sum of $6,686.17. The taxpayer has appealed and set forth in its petition three assignments of error.

First: That the Commissioner in computing invested capital disallowed any value for intangibles paid in for stock, its contention in this regard being that it received in exchange for the stock the financial assistance of A. B. Wallace and his prestige and influence.

Second: That the profits taxes have not been computed under sections 327 and 328 of the Revenue Act of 1918, though request was duly made.

Third: That the tax for prior years is as yet undetermined, with the consequent result that its invested capital can not be accurately determined.

### FINDINGS OF FACT.

In 1858 A. B. Wallace opened a dry goods store in Pittsfield, Mass., and as the years passed additional stores were acquired and in some instances partnerships were formed. In 1890 he became the sole owner of Forbes & Wallace and continued to operate that business during the years in question. Some time prior to 1905 he became a member or stockholder of the Syndicate Trading Co., a corporation. The stock of this company is held only by owners of large mercantile businesses, and it was organized to enable its stockholders to cooperate in the purchase of merchandise. A membership in this company enables the holder to purchase merchandise at prices considerably below those obtained by nonmembers. Forbes & Wallace, through the stock owned by A. B. Wallace, had all the advantages which a membership offered.

In 1905 A. B. Wallace and his son Robert organized the taxpayer corporation for the purpose of acquiring and operating a number of small dry goods stores. From time to time substantial amounts of preferred stock were sold for cash and the proceeds used in the

acquisition of additional stores. Shortly after the corporation was organized 3,717 shares of common stock were issued to Robert N. Wallace as the nominee or agent of his father. A part of the testimony is to the effect that these shares were issued to A. B. Wallace in return for his services and assistance, as hereinafter detailed. These shares were, according to the treasurer of the company, issued to A. B. Wallace or his nominee as bonus stock to be distributed by him either to the purchasers of preferred stock or the owners of stores purchased.

A. B. Wallace assisted the new corporation in many ways. It was a matter of common knowledge that he was interested in it and that he was assisting it, and these facts alone contributed materially to its prosperity. He permitted it to purchase from the Syndicate Trading Co. through Forbes & Wallace. He loaned it money and endorsed much of its paper at the banks. The success of the taxpayer may in a large measure be attributed to him.

Good will was not set up on the " Certificates of condition " filed by the taxpayer with the Secretary of the Commonwealth of Massachusetts for the first two years of its existence. For 1908 it set up " Good will, options, etc., $600,000." In 1907 an entry was made on the ledger setting up " Good will, $32,660.03." These are the earliest references to good will on the company's records.

The net tangible assets of the company from 1906 to 1910, inclusive, were proven, as were the net earnings for the same period. These show earnings considerably above a fair return on the tangibles. It is unnecessary to set out the details.

The Commissioner has not finally determined the company's income and profits taxes for the year 1917, and such final determination when made may affect the invested capital for the year 1920.

### DECISION.

The determination of the Commissioner is approved.

ARUNDELL not participating.